RUCKER, J.,
dissenting.
The Court of Appeals concluded there is a genuine issue of material fact as to whether R.M.H. was “in the care, custody or control” of Holiday Inn Express. Holiday Hospitality Franchising, Inc. v. Amco Ins. Co., 955 N.E.2d 827, 836 (Ind.Ct.App.2011). At least with respect to “care” and “control” I agree with the court’s conclusion and would thus deny summary judgment in favor of AMCO on this issue. Therefore I respectfully dissent.
I agree with the majority that R.M.H. was not in the “custody” of Holiday Inn Express. And I also agree that “to some extent” R.M.H. was under Holiday Inn Express’ “control.” Op. at 580. But this very qualifier also implies the opposite: “to some extent” R.M.H. was not under the motel’s control. It is thus left to the trier of fact to resolve these competing inferences. This leaves us with deciding whether R.M.H. was in the “care” of Holiday Inn Express.
Relying on its plain and ordinary meaning the majority defines “care” in part as “[t]he function of watching, guarding, or overseeing.” Op. at 579 (quoting Webster’s II New College Dictionary 168 (1995)). But there is nothing in the record before us or in the case authority cited by the parties supporting the notion that as a matter of law a motel is obligated or otherwise required to engage in any of the foregoing functions. And at the very least the facts are in dispute concerning whether in this case Holiday Inn Express actually engaged in “watching, guarding, or overseeing” R.M.H. Although not addressing this precise point, in support of its motion for summary judgment AMCO submitted the motel’s response to AMCO’s requests for admissions. In relevant part Holiday Inn Express admitted that it “rented two (2) rooms to Amy McGinnis who was staying at the hotel with her sons, both minors. R.M.H. was invited by Amy McGinnis and/or one of her minor sons to stay at the Holiday Inn with them.” App. at 176. Generously interpreted this admission could imply that the hotel was perhaps somehow “guarding” or “overseeing” R.M.H. and thus in the hotel’s care. On the other hand, in response to AMCO’s motion for summary judgment Holiday Inn Express included the affidavit of R.M.H.’s mother, S.H., who declared in relevant part that when she gave her son permission to spend the night at Holiday Inn Express, “she intended and expected that he would be in the care and control of Amy McGinnis during the time that he was at the hotel.” App. at 181-82 (citing Affidavit of S.H. para. 5); and that “[a]t no time prior to May 17, 2007, did S.H. speak to or otherwise communicate with any employee or agent of the Holiday Inn Express to request that any hotel employee provide care for R.M.H. while he was at the hotel.” App. at 182 (citing Affidavit of S.H. para. 6). Although not dispositive of whether the hotel in fact undertook the care of R.M.H., S.H.’s affidavit at least *583 shows that his mother never contemplated as much.
At most there was no evidence presented to the trial court either way on the question of whether Holiday Inn Express engaged in “[t]he function of watching, guarding, or overseeing” R.M.H. At the very least the facts that were presented to the trial court on the question suggest competing inferences. In either event Holiday Inn Express is not entitled to summary judgment on this issue. I would reverse and remand for further proceedings.[11]

. I agree with the Court of Appeals that an "occurrence” took place for the purpose of the insured's insurance policy. See Holiday Hospitality, 955 N.E.2d at 832. And therefore I would summarily affirm this portion of the Court of Appeals' opinion.